IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GENE LESLIE, et al.                                                                        PLAINTIFFS

V.                                         CASE NO. 08-CV-4024

CHAMPION PARTS, INC., et al.                                                       DEFENDANTS

## ORDER

  Before the Court is a Motion to Set Aside Entry of Default filed by Separate Defendant Champion Parts, Inc. ("Champion"). (Doc. 23). Champion asks the Court to set aside the Clerk's entry of default as authorized by Federal Rule of Civil Procedure 55(c). Plaintiffs have responded and do not object to setting aside the Clerk's Default as long as the Court provides Plaintiffs with additional time to perfect service on Champion. (Doc. 25). Thus, Plaintiffs have contemperanously filed with their response a *Nunc Pro Tunc* Motion for Extension of Time to Serve Process, which is also before the Court at this time. (Doc. 26).

  On June 11, 2008, Plaintiffs filed their Affidavit of Service. (Doc. 9). The affidavit stated that Champion had been served on May 16, 2008, through its registered agent for service of process. The Clerk issued a Notice of Default Procedures Under Federal Rule of Civil Procedure 55 directing Plaintiffs to file an affidavit in support of default. On July 21, 2008, Plaintiffs filed the affidavit in support of default. (Doc. 18). On July 22, 2008, the Clerk entered a default against Champion. (Doc. 19). On July 28, 2008, the Clerk received a letter from a company named CT that stated that statutory representative services were discontinued for Champion and process had been returned undelivered. On August 4, 2008, Champion filed its Motion to Set Aside Entry of Default. (Doc. 23).

The Court may grant a motion to set aside entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). Here, Champion's failure to answer was not willful. Champion failed to answer because it did not receive notice of this case. Further, Champion has filed for bankruptcy, and Champion's bankruptcy attorney should also be served with process as required by Bankruptcy Rule 7004(g).

Plaintiffs have asked for additional time to serve Champion. Under Federal Rule of Civil Procedure 4(m), if Plaintiffs show good cause for failure to perfect service, the Court must extend the time for service for an appropriate period. Here, Plaintiffs acted diligently in trying to effect service. They were only notified of Champion's challenge to the sufficiency of service after they had already filed their affidavit in support of default. Plaintiffs have stated their intention to serve the bankruptcy trustee with service of process. The Court is satisfied that Plaintiffs have met the "good cause" standard for extending the time for service as set forth in Federal Rule of Civil Procedure 4(m).

Upon consideration, the Court finds that good cause exists to set aside the entry of Clerk's entry of default in this case. Accordingly, Separate Defendant Champion's Motion to Set Aside Entry of Default is **GRANTED**. Further, the Court finds that good cause exists for a *nunc pro tunc* extension of time to perfect service on Champion. Accordingly, Plaintiffs' *Nunc Pro Tunc* Motion for Extension of Time to Serve Process is **GRANTED**. Plaintiffs have up to and including October 22, 2008, to perfect service on Champion.

**IT IS SO ORDERED**, this 18th day of September, 2008.

                                                   /s/ Harry F. Barnes
                                                   Hon. Harry F. Barnes
                                                   United States District Judge