IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GENE LESLIE, et al.                                                                                     PLAINTIFFS

V.                                           CASE NO. 08-CV-4024

CHAMPION PARTS, INC., et al.                                                                   DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion to Dismiss filed by Separate Defendant Champion Parts., Inc.[1] (Doc. 46). Plaintiffs have responded. (Doc. 50). Champion filed a reply to Plaintiffs' response. (Doc. 51). The Court finds the matter ripe for consideration.

## BACKGROUND

In the weeks preceding its bankruptcy, Champion Parts, Inc. ("Champion"), a company that remanufactured and sold automobile parts, provided health insurance and benefits to its employees through Arkansas Blue Cross and Blue Shield ("Blue Cross"). The premiums were paid by a combination of its corporate funds and smaller contributions from its employees through payroll withholdings. Champion also provided continuation coverage through Blue Cross for terminated employees as required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). In September 2007, Champion failed to pay either the employer or employee portion of the Blue Cross premium, which caused Blue Cross to terminate coverage. On October 10, 2007, Champion filed its bankruptcy petition. On April 1, 2008, Plaintiffs filed this class action lawsuit[2] against Champion

---

[1] Plaintiffs have filed suit against Champion Parts, Inc., d/b/a Champion Diesel, Inc., d/b/a Champion Parts B&T, d/b/a Superparts Rebuilders, d/b/a Champion Parts Rebuilders, Inc, which will be referred to as "Champion" throughout this motion.

[2] Plaintiffs are former employees of Champion who received health insurance benefits or COBRA continuation coverage under Champion's group health plan with Blue Cross. The Plaintiffs purport to represent a class of all persons who "were employees of Champion Parts, Inc. in 2007 and all persons who were beneficiaries of Champion Parts, Inc.'s health care benefits program in 2007

and three members of its Board of Directors, Raymond G. Perelman, W. Jason Guzek, and Barry L. Katz (the "Directors").³ Plaintiffs allege that Champion breached fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") and should be held liable to pay all past and future medical expenses for former Champion employees. Champion argues that, even assuming it was a fiduciary, that the proposed class cannot recover anything more than the approximate $31,000 in total employee contributions that Champion held and did not remit to Blue Cross.

## DISCUSSION

When deciding on a motion to dismiss, the Court must assume as true all factual allegations of the complaint. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). "To survive dismissal, the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *Id*. (citing *Bell v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). The Court will now address Champion's arguments for dismissal. Plaintiffs assert three causes of action against Champion, and each cause of action will be addressed in turn.

A. Plaintiffs' First Cause of Action

First, Plaintiffs assert that, pursuant to 29 U.S.C. sections 1132(a)(3) and 1132(a)(1)(B), they are entitled to payment of their medical bills that should have been covered under their health insurance and benefits program. Plaintiffs' first claim involves two statute subsections, and each subsection will be discussed separately.

---

and paid premiums for health insurance benefits in 2007 under the Employee Retirement Income Security Act ... and/or the Employee Retirement Income Security Act ... as amended by the Consolidated Omnibus Budget Reconciliation Act." (Plaintiff's Complaint (Doc. 1), ¶ 21).

³The Directors filed a separate motion to dismiss upon which the Court has already ruled in a memorandum opinion and order dated August 19, 2009. (Doc. 60).

*1. Section 1132(a)(3)*

Section 1132(a)(3) of ERISA authorizes a civil action by a plan participant to obtain appropriate equitable relief to redress violations of ERISA or violations of the terms of the plan or to enforce any ERISA provisions or terms of the plan. 29 U.S.C. § 1132(a)(3). "Beneficiaries of ERISA plans may sue for breaches of fiduciary duties under 29 U.S.C. [section] 1132(a)(3), but the remedies they may seek in such an action are limited by the language of the statute to traditionally available equitable remedies." *Calhoon v. Trans World Airlines, Inc.*, 400 F.3d 593, 596 (8th Cir. 2005). Champion argues that Plaintiffs' claim pursuant to 29 U.S.C. section 1132(a)(3) should be dismissed because Plaintiffs seek compensatory relief and not appropriate equitable relief.

The present case is similar to *Calhoon,* where the plaintiffs filed a complaint seeking reimbursement for the medical bills and costs that would have been covered by the COBRA plan had their participation not been terminated. *Id*. at 596. The district court noted that, because the plaintiffs were no longer members of the plan, their only avenue for relief was to pursue equitable relief under 29 U.S.C. section 1132(a)(3). The district court concluded that Plaintiffs could not recover under ERISA because the relief they sought was not appropriate equitable relief within the meaning of section 1132(a)(3). *Id*. The Court of Appeals for the Eighth Circuit affirmed. *Id*. at 598.

In *Calhoon*, the Court explained that monetary relief in the form of restitution may be considered equitable only if it seeks to return to the plaintiffs particular funds in the defendant's possession. *Id*. This form of restitution punishes the wrongdoer by taking his or her ill-gotten gains. *Id*. Monetary damages that are compensatory in nature are traditionally considered to be legal and not equitable relief because these damages focus on the plaintiff's losses and seek to recover money equal to the value of the harm done. To determine whether the nature of the monetary relief sought is legal or equitable, the Court should ask "whether the value of the harm done that forms the basis for the damages is measured by the loss to the plaintiff or the gain to the defendant." *Id*.

Here, just as in *Calhoon*, Plaintiffs seek damages in the amount of the medical bills and costs that they accumulated when they lost their health insurance and benefits coverage. This requested monetary relief is legal in nature because Plaintiffs seek to impose personal liability on Champion and the requested relief is equal to the value of harm to Plaintiffs. Therefore, Plaintiffs are not entitled to these damages. However, Plaintiffs are entitled to recover any funds, retained by Champion, that are identifiable as belonging to Plaintiffs. *See Pichoff v. QHG of Springdale*, 556 F.3d 728, 731-2 (8th Cir. 2009). The scope of potential damages is narrower[4] than those asserted by Plaintiffs in their complaint; but, assuming as true all factual allegations in the complaint, Plaintiffs are entitled to some equitable relief. Thus, the motion to dismiss on this particular claim must be denied.

    2. *Section 1132(a)(1)(B)*

A participant or beneficiary of an ERISA plan is authorized by section 1132(a)(1)(B) to bring a civil action to "recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Champion argues that Plaintiffs cannot recover their benefits under this claim, because an award of benefits can only be obtained from the plan itself, which no longer exists. Section 1132(a)(1)(B) provides that the following remedies are available to plaintiffs: (1) recovery of benefits due to them under the terms of the plan; (2) enforcement of their rights under the terms of the plan, or (3) clarification of their rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

---

[4]The Court is mindful of the Supreme Court's narrow reading of equitable relief available under 29 U.S.C. section 1132(a)(3) and the Eighth Circuit's interpretation of this limited equitable relief. *See Pichoff v. QHG of Springdale*, 556 F.3d 728 (8th Cir. 2009); *Calhoon v. Trans World Airlines, Inc.*, 400 F.3d 593 (8th Cir. 2005); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002).

Benefits due under the terms of the plan can only be obtained against the plan itself. *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998). Any injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested. *Id*. Here, the plan is bankrupt and no longer exists. Thus, any relief enforcing Plaintiffs' rights or clarifying their future benefits under the plan cannot be had. Accordingly, Plaintiffs' claim under 29 U.S.C. section 1132(a)(1)(B) must be dismissed.

B. Plaintiffs' Second Cause of Action

In their second cause of action, Plaintiffs' seek relief under 29 U.S.C. §§ 1132(a)(2) and 1109(a), which authorizes actions for relief against fiduciaries and provides that a breaching fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." Any relief sought under this subsection is limited to recovery of losses suffered by the plan. *Id*. Champion argues that this claim should be dismissed because Plaintiffs seek individual relief and not relief on behalf of the plan. The Court does not agree. In their complaint, Plaintiffs ask for "restitution of all damages suffered by the [p]lan" in addition to their individual remedies. Thus, Plaintiffs are seeking relief on behalf of the plan; and, assuming all factual allegations in the complaint as true, Champion, if found to be a breaching fiduciary, is responsible for any losses to the plan resulting from any such breaches.

This leads the Court to Champion's next argument, which is that it had no fiduciary responsibility to forward its portion of the health care premium to Blue Cross. In *Bjorkedal*, the plaintiffs argued that a corporate director and officer became a fiduciary when he failed to ensure that both employer and employee contributions were paid to the plan. *Trustees of the Graphic Communications Int's Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008). The Eighth Circuit Court of Appeals held that unpaid employer contributions are not plan assets for the purpose of establishing whether an officer allegedly

exercising discretionary authority over funds had a fiduciary duty to the plan. *Id*. The Court determined that, in *Bjorkedal*, the officer was not personally liable for unpaid employer contributions because he was not making a fiduciary decision and was not wearing a "fiduciary duty hat" when he failed to make the payments. *Id*. The officer was not wearing a "fiduciary duty hat" because he was managing assets of the business, not of the plan. *Id*.; *In re M & S Grading, Inc.,* 541 F.3d 859, 865 (8th Cir. 2008).

When an employer is obligated to make payments to an ERISA plan and fails to do so, the unpaid contributions do not become assets of the plan. *In re M & S Granding, Inc.*, 541 F.3d at 865. Thus, "'[a] corporate officer facing limited cash flow' can 'choose [ ] to pay corporate obligations in lieu of employer contributions to an ERISA plan' without breaching a fiduciary duty to the plan because corporate assets are not assets of the plan." *Id*. (quoting *Bjorkedal*, 516 F.3d at 732). In other words, "fiduciary duties attach only when the officer is managing assets of the plan, as opposed to assets of the corporation." *Id*. at 864.

Here, Plaintiffs allege that Champion breached its fiduciary duties when it decided not to pay the Blue Cross premium but to pay other business expenses. However, according to *Bjorkedal*, Champion had no fiduciary responsibility to forward its portion of the premium to Blue Cross. With Champion facing bankruptcy and an obvious limited cash flow, its decision not to pay its portion of the premium was a corporate decision not a fiduciary decision concerning any plan assets. Thus, the portion of Plaintiffs' second cause of action that seeks anything other than recovery of the unpaid employee contributions, which were plan assets, is dismissed.

### C.  Plaintiff's Third Cause of Action

In their third cause of action, Plaintiffs allege that Champion "failed in [its duty] to notify the beneficiaries of a qualifying event under 29 U.S.C. section 1163, namely that [Champion] would not secure COBRA coverage with premiums [it] had collected from Plaintiffs and Class Members."

(Plaintiff's Complaint (Doc. 1), ¶ 39). In other words, Plaintiffs have alleged that Champion breached its notification duties. The plan administrator is required to notify all beneficiaries of certain qualifying events that give rise to COBRA obligations. 29 U.S.C. § 1166(a). In the complaint, Plaintiffs allege that the qualifying event was the intent not to pay premiums for COBRA coverage. However, this is not a qualifying event under 29 U.S.C. section 1163. In their response to Champion's Motion to Dismiss[5], Plaintiffs allege that the qualifying event was the bankruptcy or termination of employment. An employer's commencement of a bankruptcy proceeding under Title 11 is a qualifying event for retirees, 29 U.S.C. § 1163(6), and the termination of an employee is also a qualifying event, 29 U.S.C. § 1163(2). However, this is not what Plaintiffs alleged in their Complaint. The allegation in the complaint is not plausible on its face. Therefore, Plaintiffs' third cause of action fails as a matter of law and must be dismissed.

## CONCLUSION

Upon consideration, the Court finds that Champion's Motion to Dismiss should be and hereby is **GRANTED IN PART and DENIED IN PART**. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 27th day of August, 2009.

    /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge

---

[5] The Court notes that Champion has incorporated its response to the Directors' Motion to Dismiss (Doc. 42) into its response to the motion at issue here (Doc. 50), which is Champion's Motion to Dismiss (Doc. 46).