IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GENE LESLIE, et al. PLAINTIFFS

V. CASE NO. 08-CV-4024

CHAMPION PARTS, INC., et al. DEFENDANTS

# MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT CLASS CERTIFICATION AND CLASS SETTLEMENT

PLAINTIFFS GENE LESLIE, JAMES SHEPARD, TAMMY NICHOLS and BUCKLEY NICHOLS ("Plaintiffs"); DEFENDANT CHAMPION PARTS, INC., d/b/a Champion Diesel, Inc., d/b/a Champion Parts B&T, d/b/a Superparts Rebuilders d/b/a Champion Parts Rebuilders, Inc. ("Champion"); and INDIVIDUAL DEFENDANTS RAYMOND G. PERELMAN, W. JASON GUZEK, and BARRY L. KATZ ("Individual Defendants"), collectively, the "Parties," hereby submit their Memorandum of Law in Support of the Joint Motion for Final Approval of Settlement Class Certification and Class Settlement, pursuant to Federal Rule of Civil Procedure 23.

## INTRODUCTION

In its July 1, 2010 Order ("Preliminary Approval Order"), the Court preliminarily (1) approved the parties' Settlement Agreement ("Settlement"), (2) certified the class for settlement purposes as a non-opt-out class, (3) approved the manner and form of notice to Class members, (4) appointed Class Counsel, (5) approved a claims and objection process and (6) set a Fairness Hearing for September 10, 2010. Plaintiffs' counsel provided notice to the class, as set forth in

the Preliminary Approval Order and Settlement. To date, six former employees have submitted proofs of claim and no one has objected to the Settlement.

The Parties now request that the Court enter a final judgment and order of dismissal approving the Settlement, certifying the Settlement Class, approving the allocation and administration of the settlement fund, adjudicate the filed proofs of claims, approve the payment of class representative incentive awards, and approve the award of attorneys' fees and expenses.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Champion offered health insurance and other employee benefits to its employees at the Hope, Arkansas, plant pursuant to a group benefits plan ("the Plan") that included benefits and coverages from the following insurance carriers: Blue Cross/Blue Shield Health, Blue Cross/Blue Shield Dental, USAble, and AFLAC. Champion also offered COBRA benefits for employees no longer employed by the company. Employees' insurance premiums were withheld from the employees' pay, were submitted by employees for continued coverage or were submitted to Champion by former employees for COBRA coverage. Beginning in 2007, Plaintiffs alleged that Defendants failed to transmit these withholdings and payments to the various insurance carriers, causing the benefits coverage to lapse.

On October 10, 2007, Champion filed its Chapter 11 petition for bankruptcy. Plaintiffs brought the present suit to recover the withheld insurance premiums and payments, and for past and future medical expenses, restitution and equitable relief. On March 17, 2008, the bankruptcy court entered an order lifting the stay against Champion to allow Plaintiffs to seek such recovery to the extent it did not exceed Champion's insurance coverage. Plaintiffs seek to obtain recovery for the following:

> All persons who were employees of Champion Parts, Inc., in 2007, or all persons who were beneficiaries of Champion Parts, Inc.'s group benefits program ("Plan") in 2007 and paid premiums for Plan benefits in 2007 under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. and/or the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

Defendants moved to dismiss the Complaint and the Court granted the motion in part and denied it in part. Pursuant to the Court's Order, all that remained of Plaintiffs' counts for relief was their claim for the amounts withheld from their payroll for insurance premiums or paid directly to Champion for COBRA or other insurance coverage.

The Department of Labor investigated Champion and, as of June 17, 2008, determined that Champion withheld and failed to transmit premiums totaling $30,876.82, beginning September 1, 2007, as follows:

> (a) $17,455.89 from employees' wages for health insurance coverage provided through Arkansas Blue Cross Blue Shield;
>
> (b) $4,533.23 in COBRA premiums for health insurance coverage provided through Arkansas Blue Cross Blue Shield;
>
> (c) $6,417.85 from employees' wages for supplemental coverage provided by USAble;
>
> (d) $118.52 from employees' wages for accident, cancer, short-term disability, and special event coverage through AFLAC; and
>
> (e) $2,351.33 from employees' wages for dental insurance coverage through Arkansas Blue Cross and Blue Shield.

Plaintiffs sought these and any other insurance premiums withheld from or paid by the Class and not transmitted to the insurance carriers, as well as the other relief claimed in the Complaint. Champion and the Individual Defendants denied all allegations of wrongdoing asserted by Plaintiffs and denied liability under any cause of action asserted therein.

On December 14, 2009, the Parties attended a settlement conference before Magistrate Judge Carolyn Craven and, after a full day of negotiations, reached an agreement to resolve the case for $100,000. A full description of the terms of the Settlement is set forth in the Parties' motion for preliminary approval of the settlement class and Settlement, filed on May 26, 2010. On July 1, 2010, the Court entered its Preliminary Approval Order, preliminarily (1) approving the parties' Settlement, (2) certifying the class for settlement purposes as a non-opt-out class, (3) approving the method and form of notice to Class members, (4) appointing Class Counsel, (5) approving a claims and objection process and (6) setting a Fairness Hearing for September 10, 2010.

In accordance with the Preliminary Approval Order, Class Counsel provided notice through publication and direct mail. As of July 9, 2010, the initial direct notice approved by the Court was mailed to all known class members identified at Exhibit A to the Settlement Agreement. On July 9, 2010, and July 16, 2010, the approved publication notice was published in the Texarkana Gazette and Hope Star. *See* Exhibit B. Following the publication of the approved notice and in conjunction with the mailed direct notice, additional mailed direct notices were sent to those potential class members who requested information. The universe of mailed direct notices (149 total) is attached hereto as Exhibit E. Pursuant to the notices, six of Champion's former employees submitted proofs of claim as follows:

- Reginal Lewis and John Turner filed proofs of claim for $383.52 and $380.02, respectively. The claims duplicate the amounts, including interest, reflected in Exhibit A of the Settlement to be paid to these claimants. The Parties, therefore, request that the Court disallow any additional amounts sought by these claims of

Messrs. Lewis and Turner as they are already scheduled to receive the requested amounts in Exhibit A.

- William Peake filed a proof of claim for $1913.00, including interest. The claim duplicates an amount of $478.25 already reflected in Exhibit A. Accordingly, the Parties request the Court to disallow the claim to the extent it is duplicative and to allow the claim in the additional amount of $1434.75, such that the total amount to be disbursed to Mr. Peake is $1913.00.

- Elizabeth Lewis filed a proof of claim for periods before and after September 1, 2007, the date on which Champion first failed to forward premium payments for benefits coverage. *See* Exhibit C. The Parties request the Court allow her claim in the amount of $385.12, including interest, which represents the claimed amount for the period after September 1, 2007, and disallow the remainder as it is for amounts withheld before that date. On September 3, 2010, Mrs. Lewis was notified of the Parties' decision and the proposal to be made to the Court. *See* Exhibit D.

- Mae Wincher and Martha L. Jackson filed proofs of claims for periods before September 1, 2007. Both Ms. Wincher and Ms. Jackson terminated their employment with Champion prior to June 30, 2007, and before the date Champion first failed to forward insurance premiums. Accordingly, the Parties request that the Court disallow these claims. On September 3, 2010, Mrs. Wincher and Mrs. Jackson were notified of the Parties' decision and the proposal to be made to the Court. *See* Exhibit D.

## ARGUMENT

### A. The Settlement is Fair, Reasonable, and Adequate

The Court should confirm its Preliminary Approval Order and find that the Settlement is fair, reasonable, and adequate. Settlements reached through arm's-length negotiations are presumed to be fair and reasonable. *Minolta Camera Prods. Antitrust Litig.*, 668 F. Supp. 456, 460 (D.Md. 1987); *Chatelain v. Prudential-Bache Sec., Inc.*, 805 F. Supp. 209, 212 (S.D.N.Y. 1992). As set forth in the Parties' motion for preliminary approval, the proposed settlement was reached after protracted and lengthy arm's length negotiations through multiple teleconferences, during the all-day settlement conference on December 14, 2009, and through continuing negotiations following the settlement conference, and the presumption that it is fair and reasonable cannot be challenged.

Moreover, the settlement is adequate in that it provides, based on the Department of Labor's findings, payment to Plaintiffs and Class Members of their payroll withholdings and direct payments for insurance coverage in the amounts determined by the Department, plus interest. In addition, the Parties have reviewed the claims filed for additional amounts, and agree that the individuals whose claims are for amounts withheld after September 1, 2007, when, as determined by the Department of Labor, Champion first failed to forward premiums for benefits, should be allowed. Thus, based on the Court's Order on Defendants' Motion to Dismiss, Plaintiffs and the Class Members will receive all that they could have obtained had they prevailed on all of their allegations against Defendants, based on the Department's findings. Defendants believe a successful outcome for Plaintiffs was very unlikely in this case because of their strong defenses to the Complaint. Realizing that the cost of defense would easily outstrip the damages that Plaintiffs could recover, Defendants agreed to the settlement. Accordingly, the Court should approve the settlement as fair, reasonable and adequate.

**B. The Court Should Certify the Class for Settlement Purposes**

Under Rule 23 of the Federal Rules of Civil Procedure, the Court must analyze a proposed class under both Rule 23(a) and 23(b) to determine if it is appropriate to certify the class. Rule 23(a) requires that a class meet four conditions: 1) numerosity, 2) commonality, 3) typicality and 4) adequacy of representation. If those elements are met, the Court must determine if one or more of the three subsections of Rule 23(b) are satisfied. In this case, the class meets Rule 23(a) and 23(b)(1).

**1. The Proposed Class Satisfies the Requirements of Rule 23(a).**

To satisfy the numerosity element of Rule 23(a)(1), joinder must be impracticable, not impossible. *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 451 (S.D.N.Y. 2004). Here there are over 100 former employees who are potential class members, making joinder impracticable and satisfying the numerosity requirement.

Rule 23(a)(2) and (a)(3) require that a proposed class action raise "questions of law or fact common to the class" and that the claims or defenses of the named Plaintiffs be typical of those of the class. In this case, the common questions of law and fact are whether the Class Members were employees or former employees of Champion who participated in the Plan, whether they had payroll withholdings or paid directly to Champion for Plan coverage which were not paid to the insurance carriers, whether Defendants were fiduciaries of the Plan and whether Defendants breached their fiduciary duties. In addition, the Named Plaintiffs' claims arise from the very same course of events as the remainder of the Class. Thus, the Plaintiffs' and Class Members' commonality supports a finding that the named Plaintiffs' claims and defenses are typical of those of the Class Members. Rule 23(a)(2) and (a)(3) are therefore satisfied.

Finally, Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the entire Class. Since the Named Plaintiffs have the same interests as the absent class members, there is no doubt that they fairly and adequately protect the Class.

**2. The Court May Properly Certify the Class under Rule 23(b)(1).**

Class certification under Rule 23(b)(1)(B) is appropriate if separate adjudications would be "dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Plaintiffs claims are brought under ERISA § 502(a)(2), which permits any participant of an ERISA plan to bring a representative action against the plan fiduciaries "on behalf of the plan as a whole." Such an action seeks to effectuate plan-wide relief, affecting the interests of all plan participants. For that reason, courts have noted that ERISA § 502(a)(2) actions are particularly appropriate for class certification. *See e.g., Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006); *In re Marsh ERISA Litig.*, --- F.R.D. ----, 2010 WL 451028 at *12(S.D.N.Y. Jan. 29, 2010); *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008); *Buus v. WAMU Pension Plan*, 251 F.R.D. 578 (W.D. Wash. 2008); *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338 (N.D.Ill. 2008); *Lively v. Dynegy, Inc.*, No. 05-CV-0063, 2007 WL 685861 (S.D.Ill. Mar. 2, 2007); *In re Ikon Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 465 (E.D.Pa. 2000).

Indeed, the drafters of the Federal Rules of Civil Procedure concluded that Rule 23(b)(1)(B) is the most appropriate basis for class certification in actions alleging breach of fiduciary duty. *See* Fed.R.Civ.P. 23(b)(1)(B) adv. comm. note, 1966 amend. Accordingly, since Plaintiffs allege breach of fiduciary duty under ERISA § 502(a)(2) and seek relief on behalf of the Plan, class certification under Rule 23(b)(1)(B) is appropriate.

### C. A Non-Opt-Out Class is Appropriate

Courts regularly certify Rule 23(b)(1)(B) class actions with non-opt-out classes. *See* e.g., *In re Marsh ERISA Litig.*, 2010 WL 451028 at *12; *Global Crossing*, 225 F.R.D. at 448; *AOL Time Warner ERISA Litig.*, No. 02 Civ. 8853, 2006 WL 2789862, at *3 (S.D.N.Y. Sept. 27, 2006). The "Supreme Court has recognized that classes certified under Rule 23(b)(1) do not provide class members an opportunity to opt-out of the class." *AOL Time Warner*, 2006 WL 2789862, at *3 *citing Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 & n. 13 (1999). Moreover, "[d]ue to the plan-wide nature of the relief sought [in ERISA actions] . . . certification of a non-opt-out class is not only practical, but necessary." *AOL Time Warner*, 2006 WL 2789862, at *3.

A non-opt-out class is also appropriate in this case because notice to the former employees and Plan participants satisfies due process. In accordance with the Preliminary Approval Order and Settlement, Class Counsel mailed, by first class mail, direct individual notices to the Class Members, and also published group notices in the Hope Star and Texarkana Gazette in the form attached as Exhibit C to the Settlement Agreement. As the Court acknowledged, the notices fairly described the claims and parties to the litigation, the terms of the proposed settlement, and the person who may participate in the settlement and informed the Class Members of their rights and responsibilities. These notices fulfilled due process requirements. *See Global Crossing*, 225 F.R.D. at 448.

In response to the mailed and published notices, Class Counsel received phone inquiries about the settlement and additional direct notices were provided. In response to the notices, no objections were filed or submitted. In response to the notices, six of Champion's former employees submitted proofs of claim. The Parties conferred about the claims and requested

clarifying information from the claimants. Upon receipt of certain needed information, the Parties jointly conferred and determine the merit of each claim. Class Counsel alerted the claimants whose claims the parties believed should be partially disallowed or disallowed, and advised them of their right to appear at the Final Fairness Hearing. Accordingly, the Parties respectfully submit that due process concerns have been satisfied.

Accordingly, the Parties request that the Court enter a final judgment and order of dismissal approving the Settlement, certifying the Settlement Class, approving the allocation and administration of the settlement fund and adjudicating the filed proofs of claims.[1]

## CONCLUSION

For all the reasons set forth above, the Parties respectfully submit that the Settlement is fair, reasonable and adequate and request that the Court grant final approval of the settlement and certification of the Class for settlement purposes only and enter a final judgment and order of dismissal.

Dated: September 9, 2010 Respectfully Submitted,

ON BEHALF OF PLAINTIFFS
GENE LESLIE, JAMES SHEPARD,
TAMMY NICHOLS and BUCKLEY NICHOLS
and ON BEHALF OF THE CLASS:

[1] Contemporaneous with the filing of the motion, Class Counsel have filed a separate motion for and award of class representative incentive payments, their expenses, and their attorney's fees, and to be included in the Final Order and Judgment.

/s/ Sean F. Rommel
WYLY~ROMMEL, PLLC
2311 Moores Lane
Texarkana, Texas 75503
(903) 334-8646 telephone
(903) 334-8645 facsimile
srommel@wylyrommel.com

/s/ Will Bond
Will Bond
McMATH WOODS P.A.
711 West Third Street
Little Rock, Arkansas 72201
(501) 396-5400 telephone
(501) 374-5118 facsimile
will@mcmathlaw.com

ON BEHALF OF DEFENDANTS
RAYMONG G. PERELMAN,
W. JASON GUZEK, AND BARRY L. KATZ:

/s/ Franklin A. Poff
BOYD, POFF & BURGESS, LLP
P.O. Box 6297
2301 Moores Lane
Texarkana, Texas 75505-6297
(903) 838-6123 telephone
(903) 832-8489 facsimile
fpoff@bpblawfirm.com

/s/ Theresa S. Gee
Robert N. Eccles
Theresa S. Gee
O'MELVENY & MYERS, LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
(202) 383-5395 telephone
(202) 383-5414 facsimile
tgee@omm.com

beccles@omm.com

ON BEHALF OF DEFENDANT
CHAMPION PARTS, INC.

/s/ Lisa R. Crittenden
Lisa R. Crittenden
GOODING & CRITTENDEN, LLP
2005 Moores Lane
P.O. Box 6168
Texarkana, Texas 75505-6168
(903) 794-3125 telephone
(903) 792-4708 facsimile
lisacrittenden@gooding-crittenden.com