IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GENE LESLIE, et al.                                                          **PLAINTIFFS**

V.                                    CASE NO. 08-CV-4024

CHAMPION PARTS, INC., et al.                                    **DEFENDANTS**

## FINAL JUDGMENT AND ORDER OF DISMISSAL

Before the Court is the Parties' Joint Motion for Final Approval of Settlement Class Certification and Class Settlement and Plaintiffs' Petition and Supporting Memorandum for Payment of Litigation Expenses, Award of Attorneys' Fees, and Award of Incentive Bonus, all pursuant to Federal Rules of Civil Procedure 23(a), 23(b), 23(c), 23(e), and 23(g) ("Motions"). Having considered the Motions and supporting Memoranda of Law, the Settlement Agreement, the Exhibits to the Settlement Agreement, the submissions and arguments of the Parties, the Court finds that the terms of the Settlement Agreement are fair, adequate, and reasonable. The Court further finds that the notice provisions provided for by the Settlement Agreement and its attached Exhibits regarding Notice, and the implementation thereof, are adequate and appropriate to inform members of the class of the terms of the settlement. Accordingly, it is hereby

### ORDERED AND ADJUDGED THAT:

1.     The Court does hereby approve the Settlement Agreement and the settlement set forth therein as fair, adequate and reasonable, and adopts the Settlement Agreement as its Judgment. The Settlement Agreement shall be effective, binding and enforced according to its terms and conditions.

2.     The Settlement Agreement was negotiated vigorously and at arm's length between Plaintiffs' and Class Counsel, on the one hand, and Defendants and their counsel, on the other. Plaintiffs have acted independently and their interests are identical to the interests of the Class Members. The Settlement Agreement arises from a genuine controversy between the parties and is not the result of collusion, fraud or misrepresentation.

3.     The Court certifies this matter for settlement purposes as a non-opt-out class action pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure and defines the Class Members as follows:

> All persons who were employees of Champion Parts, Inc., in 2007, or all persons who were beneficiaries of Champion Parts, Inc.'s group benefits program ("Plan") in 2007 and paid premiums for Plan benefits in 2007 under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. and/or the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

All Class Members shall be bound by all determinations, preliminary and final orders, and judgments entered in this Action.

4.     The Court specifically finds that class certification under Rule 23(a) is appropriate as the class is so numerous that joinder of all members is impracticable; there are questions of law or act common to the class; Plaintiffs' claims or defenses are typical of those of the class; and Plaintiffs have fairly and adequately protected the interests of the class. In addition, the Court finds that the class satisfies Rule 23(b)(1)(B) in that adjudication with respect to individual class members would be dispositive of the interests of the other members or would substantially impair or impede their ability to protect their interests.

5.     The Court approves, as to form and content, the Direct Notice of Pendency of Class Action Settlement ("Direct Notice") and Published Notice of Pendency of Class Action

Settlement ("Publication Notice"), collectively the "Class Notices", as provided in Exhibit C to the Settlement Agreement, and finds that that distribution of the Class Notices substantially in the manner and form set forth in Paragraph 5.4 of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled hereto. The Court finds the notice procedures approved by the Court were implemented in a manner in accordance with the Court's directives and Rule 23(c)(2).

6.      The Claim process, Proof of Claim Form Process, and Objection process set forth in Paragraphs 5.5 and 5.6 of the Settlement Agreement are fair, adequate, and reasonable. The Court finds the Claim process, Proof of Claim Form Process, and Objection process all approved by the Court were implemented in a manner in accordance with the Court's directives and Rule 23.

7.      The amount to be awarded to each Class Member, including the class representatives, is attached as Exhibit A to this Final Order, subject to Paragraph 3.1 of the Settlement Agreement.

8.      The proofs of claim filed by Reginal Lewis, in the amount of $383.52, and John Turner, in the amount of $380.02, duplicate the amounts reflected in Exhibit A to be paid to these claimants. Their claims are, therefore, disallowed to the extent they seek additional amounts beyond those identified in Exhibit A. As such, they are entitled to payments in the amounts shown in Exhibit A.

9.      The proof of claim filed by William Peake is disallowed to the extent it duplicates an amount reflected in Exhibit A.  William Peake's claim for additional amount sums in the amount of $1434.75 is approved. Accordingly, Exhibit A shall reflect the total amount to be disbursed to Mr. Peake is $1913.00.

10.     The proof of claim filed by Elizabeth Lewis is allowed in the amount of $385.12, including interest, and Exhibit A shall reflect the amount of that disbursement.  The balance of the claim is denied as it is for amounts that were withheld before September 1, 2007, the first date that Champion Parts, Inc. failed to forward premiums for benefits.

11.     The proofs of claims filed by Mae Wincher and Martha L. Jackson are disallowed as their employment ended prior to the date of September 1, 2007, when Champion Parts, Inc. first failed to forward premiums for benefits.

12. The Parties shall retain the services of PenChecks, Inc.  ("Administrator"), as set forth in Exhibit B hereto, for the following purpose: (1) receiving the Final Order and Judgment from the Court with Exhibit A representing each class member's and class representative's respective awarded amounts, subject to Paragraph 3.2 of the Settlement Agreement and Paragraph 11 below; (2) receiving from the Defendants the Net Settlement Amount; (3) mailing individual checks and applicable tax forms to each class member and class representative in the amount of their respective awarded sums; (4) in the event any checks are returned to the Administrator, the Administrator shall undertake reasonable and good-faith attempts to locate the claimant and provide the settlement amount to the claimant, subject to Paragraph 14 below.  In the event the Administrator is unable to locate the claimant through any reasonable undertaking, the Administrator shall hold the claimant's

funds in accordance with the applicable state law regarding unclaimed property, and escheat the funds as appropriate pursuant to such state law; and (5) providing a final report to the Court as to disbursement of all sums to all class members and class representatives within thirty (30) days of the final disbursement and, for class members not located, that their funds will be held in individually-established accounts and, if not claimed, escheated in accordance with appropriate state law.

13. The Administrator's services shall be paid from the Net Settlement Amount, subject to Paragraphs 3.1 and 3.2 of the Settlement Agreement and Exhibits A and B hereto.  Once the Net Settlement Amount is exhausted, PenChecks shall bill the Parties for its services and the Parties shall share the costs of the Administrator's services, with Plaintiffs paying one-half (1/2) and Defendants paying one-half (1/2) of such costs, to perform purposes (1), (2), (3), and (5) identified in Paragraph 8, above, and not to exceed $7,000 above the Net Settlement Amount portion.  The cost of the Administrator's role in performing purpose ¶ 12(4), above, shall be borne by that individual claimant's share of the awarded amount and limited by the standards of reasonableness and good-faith in the attempts to locate and provide the awarded amount to the individual claimant, the State of Arkansas or other applicable state.

14. For those claimants whose awarded amounts are below $30, who were sent a Direct Notice to the address as reflected in Exhibit A to the Settlement Agreement, and whose Direct Notice was returned as undeliverable, the Administrator shall hold such funds in accordance with the applicable state law regarding unclaimed property, and escheat the funds as appropriate pursuant to such state law.

15. Plaintiffs are appointed as Class Representatives, and shall receive an incentive payment in accordance with Paragraph 3.2 of the Settlement Agreement and be disbursed the following sums as incentive payments:

    Gene Leslie:        $500;

    James Shepard:      $500;

    Tammy Nichols:      $500; and

    Buckley Nichols:    $500.

16. The following attorneys for Plaintiffs shall be Class Counsel:

    Sean F. Rommel                      Will Bond
    WYLY~ROMMEL, PLLC                   McMATH WOODS P.A.
    2311 Moores Lane                    711 West Third Street
    Texarkana, Texas 75503              Little Rock, Arkansas 72201
    (903) 334-8646 telephone            (501) 396-5400 telephone
    (903) 334-8645 facsimile            (501) 374-5118 facsimile
    srommel@wylyrommel.com              will@mcmathlaw.com

17. The Court hereby approves the award of $ _60,000_ in attorneys' fees and expenses to Class Counsel as reasonable and appropriate and payable by Defendants pursuant to Paragraph 3.4 of the Settlement Agreement.

18. All Class Members are hereby BARRED and ENJOINED from instituting or prosecuting any action that asserts any Released Claim, as defined in Paragraph 4.1 of the Settlement Agreement, against the Defendants.

19. All terms herein shall have the same meaning as used in the Settlement Agreement.

20. The complaint against all Defendants is hereby dismissed with prejudice based on the Settlement Agreement and all Defendants are hereby released from any claims as described in Paragraph 4.1 of the Settlement Agreement.

21. The Court retains jurisdiction for purposes of implementing the Settlement Agreement and this Order, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement pursuant to the Court's inherent power to control the disposition of cases before it and 26 U.S.C. § 1651.

Dated: _10 Sept. 2010_

HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

C:\Documents and Settings\omm16429\Desktop\Leslie Final Order and Judgment_v1.DOC

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 1 0 2010

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK